LEWIS FRIMEL COMPANY, INC., Respondent, v. U. S. TRUST COMPANY OF NEW YORK, as Trustee under the Will of LILLIAN L. REMSEN, Deceased, et al., Appellants-Respondents, and JOSEPH B. HOFFMAN, INC., Appellant.— Order, Supreme Court, New York County, entered March 23, 1972, denying defendants' motions for summary judgment, except to the extent of dismissing plaintiff's " SEVENTH " cause of action and the " FIRST " cross claim against defendant Joseph B. Hoffman, Inc., unanimously modified, on the law, the motions granted and the complaint dismissed. Appellants shall recover of plaintiff-respondent $60 costs and disbursements of these appeals. Plaintiff leased certain commercial space in the Borough of Manhattan for a five-year term commencing February 1, 1970. The parties used the standard form of loft lease prepared by The Real Estate Board of New York, Inc., and supplemented the same by attaching additional clauses thereto. The printed provisions of the lease contain the usual merger clause (art. 20) and a provision exempting the landlord from liability for failure to deliver possession on the commencement date (art. 23). One of the additional clauses attached to and forming part of said lease provides: " It is understood and agreed by the Tenant that the Landlord shall assume no responsibility for the adequacy of the * * * electric current ". Notwithstanding the foregoing provisions of the lease, plaintiff alleges that it was induced to enter into the same on the false and fraudulent representations that the electric current in the demised premises was sufficient for its business and that the prior tenant would vacate the same (and possession thereof would be delivered to plaintiff) by mid-December, 1969. Plaintiff entered into possession of the premises (after first dispossessing the prior tenant) and now seeks to reform the lease by incorporating therein the alleged oral representations and to recover damages sustained by reason of their falsity. The difficulty with plaintiff's position is that it is here seeking to enforce the oral representations and not to rescind the lease on the ground of fraud. Under such circumstances, " The parol evidence rule forbids proof of extrinsic evidence to contradict or vary the terms of a written contract ". (*Sabo* v. *Delman*, 3 N Y 2d 155, 161.) Moreover, and in any event, on the

record before us plaintiff has failed to demonstrate, by the requisite standard, any agreement between the parties on the matters at issue or his entitlement to the relief requested. (*Metzger* v. *Aetna Ins. Co.*, 227 N. Y. 411; *Ross* v. *Food Specialties*, 6 N Y 2d 336.) Concur — Stevens, P. J., Markewich, Murphy, Steuer and Capozzoli, JJ.